### No. 95.—A. F. MURPHY v. SMITH & NICHOLSON.

A certificate of discharge in bankruptcy, from the United States Bankrupt Court, extinguishes all judgments and claims of a personal character against the bankrupt.

Therefore an ordinary *fieri facias*, on a personal judgment against the bankrupt after the certificate in bankruptcy has been given, is without any legal force or effect, and its execution will be restrained by a writ of injunction.

APPEAL from the Eleventh District Court, parish of Claiborne. *Lewis, J. J. D. Watkins*, for plaintiff and appellee. *Gray & Blackman*, for defendants and appellants.

TALIAFERRO, J. The defendants having issued a writ of *fieri facias* upon a judgment obtained by them in the year, 1861, against the plaintiff and J. M. Cheaver, the sheriff seized and advertised for sale as property of the plaintiff, a tract of land, and gave notice to him of the seizure and also notice to appear on a given day and appoint an appraiser. The plaintiff sued out a writ of injunction, on the ground that he had applied in February, 1868, for the benefit of the bankrupt law, and had obtained his discharge on the fifth of May following, of which he held a certificate in due form. He further averred that he surrendered the land seized to the assignee in bankruptcy, and leased the same from him for the year, 1869, and had growing upon it at the time of the seizure in June of that year, a crop of cotton, corn and other things worth two thousand dollars. He prayed judgment enjoining the defendants from selling the crop and from collecting any part of the judgment from him, and also for damages against the sheriff and defendants *in solido* for five hundred dollars. The defendants answered by general denial, and prayed for dissolution of the injunction with twenty per cent. damages and for $200 counsel fees, etc. The plaintiff had judgment in his favor perpetuating the injunction, but reserving to the defendants the right to proceed by hypothecary action, if any mortgage they have. From this judgment the

defendants appealed. We see no error in the judgment. The writ of *fieri facias* contains the following clause : "In the name of the State of Louisiana we command you that by seizure and sale for cash with-out benefit of appraisement, of the property real and personal, rights and credits of A. F. Murphy, in the manner prescribed by law, you cause to be made the sum of two thousand dollars."

We concur in opinion with the judge *a quo* that this proceeding by *fieri facias*, on the part of the defendants, is an attempt to enforce personally a judgment extinguished by the discharge in bankruptcy. The pleadings do not require a consideration of the point insisted on in argument by defendants that a discharge in bankruptcy does not extinguish mortgages either judicial or conventional, nor whether the authorities, cited by their counsel, sustain their position. We will only remark that the views expressed in the leading case referred to were predicated upon the mortgage rights shown to be possessed by creditors of the bankrupt, and that they recognized in the creditors no other than hypothecary rights. The defendants in this case have not shown that they have a mortgage of any kind against the land seized under their execution, nor do they make any distinct averment that they have. We regard the proceedings as irregular and illegal.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.